JOHN SCHUIIARDT

*v.*

CATHERINE WITTCKE.

[Decided September 29th, 1909.]

1. Under *P. L. 1902 p. 534* § 70, respecting unsatisfied judgments at law, defendant's dower right is applicable to the payment of the complainant's judgment against her.

2. So, also, is a certain sum of money deposited in a trust company in a special account credited "A. Conrad, Trustee for Katie Wiltske" (the defendant), the same being the avails of a check which she received from a fraternal or beneficial order of which her husband was a member at the time of his death.

Heard on bill, answer, replication and proofs in open court.

*Mr. Marshall W. Van Winkle,* for the complainant.

*Mr. Warren Dixon,* for the defendant.

GARRISON, V. C.

The pleadings and proofs show that the complainant, on the 2d day of December, 1895, procured a judgment in the supreme court against the defendant for something over six hundred dollars, which is unpaid, and upon which execution unsatisfied has been returned.

The husband of the defendant died on the 18th day of April, 1909, intestate, and at the time of his death was seized in fee of a parcel of land in Jersey City, New Jersey, in which the defendant was entitled to her dower.

The complainant's contention is that this dower right is applicable to the payment of his judgment against her; and such is the law. *Tenbrook* v. *Jessup* (*Vice-Chancellor Grey, 1900*), *60 N. J. Eq.* (*15 Dick.*) *234.* This case was decided when paragraph 88 of the Chancery act (*Gen. Stat. p. 386*) was in force;

but it applies to the present situation because the existing act (*P. L. 1902 p. 534 § 70*) is similar in this respect to the former act.

The proofs further show that the husband of the defendant was a member of a fraternal or beneficial order called the Royal Arcanum, and that upon his death the said order paid to her, as his widow, the sum of $2,000—that she caused the check received by her for this amount to be cashed on or about April 30th, 1909, and retained out of the same $500, and that the balance was deposited in the Commercial Trust Company of Jersey City by one A. Conrad, in a special account credited "A. Conrad trustee for Katie Wiltske." Subsequently, $300 was withdrawn, leaving $1,200 and accumulated interest in said account at the time of the suit.

The complainant contends that this money or credit so held in trust for the defendant is applicable (under the terms of the statute before cited) to the payment of his judgment, and I find that it is.

The defendant contended that it was not; basing her contention upon the theory that she had proved that the "trust had been created by, or the fund so held in trust has proceeded from, some person other than the defendant." The quoted language is from the statute, and specifies what is excepted from the operation of the act.

The defendant sought to prove her contention by citations from the constitution and by-laws of the Royal Arcanum. The cited portions dealt with the objects and purposes of the order, and showed that it was intended to furnish funds to the dependents of members, and the argument of the defendant was that such funds when furnished at the death of the member to the named dependent remained impressed with a trust in such dependent's hands and were not reachable under the statute.

I cannot perceive the force of this argument. Whatever may be the purposes and objects of the order and the intention of its founders and members, the effect of its contract and conduct in this case was precisely similar to ordinary life insurance. It engaged to pay under certain circumstances to the defendant

a certain sum of money upon the death of her husband. The husband died, and the Royal Arcanum paid her the money, which then became hers, and she then put this money in the hands of a trustee for her own benefit. Such a trust created by a person for her own benefit is within the language and operation of the act.

A decree will accordingly be advised for the complainant.